**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**LUIS ORTIZ-CONTRERAS**,

Plaintiff,

v.

**ERIC H. HOLDER, JR.** <u>et al.</u>,

Defendants.

Case No. 1:14-cv-01950 (CRC)

---

## MEMORANDUM AND TRANSFER ORDER

Plaintiff Lucio Ortiz-Contreras is a federal prisoner who, "at all times relevant to this complaint," was incarcerated at Bureau of Prisons ("BOP") facilities in Pollock, Louisiana (USP Pollock) and Lewisburg and Allenwood, Pennsylvania (USP Lewisburg and USP Allenwood). Compl. ¶ 2.  Plaintiff has sued the former Attorney General of the United States and various BOP officials and employees under <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), for money damages arising from his designation to BOP's Special Management Unit ("SMU") Program.  He also appears to claim that BOP violated the rulemaking requirements of the Administrative Procedure Act ("APA") in promulgating the regulations governing the SMU program, and he seeks a declaration that those regulations, as well as a regulation allowing for drug testing of inmates, "are repugnant to the constitution" as applied to Plaintiff.  Compl. ¶¶ 43, 45.

Defendants seek dismissal pursuant to various subsections of Rule 12(b) of the Federal Rules of Civil Procedure or, alternatively, summary judgment pursuant to Rule 56.  Defs.' Mot.

Dismiss or Mot. Summ. J.[1]  For the following reasons, the Court will grant Defendants' motion

to dismiss in part, deny it in part, and transfer the case to the United States District Court for the

Middle District of Pennsylvania to litigate the predominant <u>Bivens</u> claim.

## I.    Background

SMUs were created in 2008 to permit designation of BOP prisoners to a more restrictive

environment when "greater management of their interaction is necessary to ensure the safety,

security, or orderly operation of Bureau facilities, or protection of the public."  Defs.' Ex. 1 at 1

(Program Statement ("PS") 5217.01).  Criteria for such a designation include an inmate's

participation or leadership role "in disruptive geographical group/gang-related activity" or

"history of serious and/or disruptive disciplinary infractions."  <u>Id.</u> at 2.  Although the conditions

of confinement "are more restrictive than for general population inmates," <u>id.</u> at 5, it is

"expected" that the prisoner will complete a "four-level SMU program in 18 to 24 months, at

which time he or she may be redesignated to an appropriate facility," <u>id.</u> at 1.

Plaintiff alleges the following facts:  In June 2012, while at USP Pollock, he was placed

in administrative segregation and "served with disciplinary charges for [an] attempted killing."

Compl. ¶¶ 17–18.  Plaintiff received a disciplinary hearing on July 10, 2012 before Defendant

Jenna Epplin-Deville, the USP Pollock Discipline Hearing Officer.  <u>Id.</u> ¶ 19.  According to

Plaintiff, Epplin-Deville "was predetermined to convict [him][,] . . . failed to review the alleged

video requested by [him,] and found [him] guilty as charged based on staff description of video

---

[1]    Defendants' grounds for dismissal are lack of subject matter jurisdiction, lack of service, lack
of personal jurisdiction, improper venue, failure to exhaust administrative remedies, mootness, and
failure to state a claim upon which relief can be granted.  Because Plaintiff is proceeding *in forma
pauperis* and thus relying on the court officers to effect proper service, <u>see</u> 28 U.S.C. § 1915(d),
the Court will not dismiss for insufficient service without first giving Plaintiff the opportunity to
cure any service defects.

tape evidence." Id. ¶ 20.  On February 1, 2013, Plaintiff received a notice that he was being

referred to SMU detention.  Id. ¶¶ 21–22.  Discipline Hearing Officer J. Rosiles, also a

Defendant, conducted a hearing on February 5, 2013 and, Plaintiff contends, "was predetermined

to place [him] in [the] SMU Program," such that he, too, failed to review "the alleged video as

requested by plaintiff" and "presumed [the] correctness of prior incident report[s] # 2167869 and

# 2127794 for purposes of SMU referral qualification."  Id. ¶¶ 22–23.

On April 1, 2013, Plaintiff was transferred to USP Lewisburg and "subjected to forced

participation in [the] SMU Program and cruel and unusual conditions of confinement."  Id. ¶ 24.

Plaintiff appealed his SMU designation to Defendant Harrell Watts, BOP's National Inmate

Appeals Administrator, who denied the appeal.  Id. ¶¶ 26–27.  On April 3, 2013, Plaintiff

received a disciplinary hearing report in which Epplin-Deville allegedly found him guilty "based

on staff statements and [a] non-existing video."  Id. ¶ 28.  Plaintiff appealed that decision to

Watts and Defendant J.L. Norwood, BOP's Northeast Regional Director, who upheld the

decision.  Id. ¶¶ 29–30.

Plaintiff further alleges that, in response to his habeas corpus petition filed in May 2013

in the Middle District of Pennsylvania, BOP's legal counsel averred in February 2014 that the

incident report of Plaintiff's infraction at USP Pollock had been expunged.  Yet Plaintiff

remained in SMU detention.  On May 9, 2014, Plaintiff filed an administrative grievance

challenging the application of PS 5217.01 to him and requesting his immediate release from

SMU detention.  Id. ¶¶ 33–34.  Norwood and Watts denied Plaintiff's request.

Plaintiff maintains that these facts demonstrate that, "[a]s a result of the illegal operation

of [the] program statement," he "was segregated approx[imately] 30 months under extremely

harsh conditions of confinement" in violation of his constitutional rights to due process and

freedom from cruel and unusual punishment.  Id. ¶¶ 35–36.  Plaintiff also claims that BOP's

failure "to engage in notice and comment rule making . . . and to publish final rules in the

Federal register . . . violates the [APA]."  Id. ¶ 44.

In addition to the Defendants mentioned above, Plaintiff sues, in their official capacities,

former Attorney General Eric Holder, former BOP Director Harley Lappin, current BOP

Director Charles E. Samuels, and former BOP Assistant Director of Correctional Programs Scott

Dodrill.  See Compl. ¶¶ 3–6.  He is also suing the BOP itself.  See id. ¶¶ 11.

## II.    Standard of Review

Dismissal is required upon a determination that the court lacks subject matter jurisdiction.

Fed. R. Civ. P. 12(h)(3).  It is the Plaintiff's burden to establish the court's jurisdiction.

Sheppard v. United States, 640 F. Supp. 2d 29, 33 (D.D.C. 2009).  To survive a defendant's

motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction, "[t]he plaintiff

bears the burden of establishing both the court's statutory jurisdiction and the government's

waiver of its sovereign immunity."  Am. Road & Transp. Builders Ass'n v. EPA, 865 F. Supp.

2d 72, 80 (D.D.C. 2010) (citing Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994)).

In deciding a motion brought under Rule 12(b)(1), "the court need not limit itself to the

allegations of the complaint," and the factual allegations "will bear closer scrutiny" than they

would in resolving a Rule 12(b)(6) motion.  Grand Lodge of Fraternal Order of Police v.

Ashcroft, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (quoting 5A Charles A. Wright & Arthur R.

Miller, Federal Practice and Procedure § 1350).

III.     **Analysis**

A.      Sovereign Immunity

Sovereign immunity, in general, shields the federal government, its agencies, and officials named in their official capacity from suit.  FDIC v. Meyer, 510 U.S. 471, 475 (1994).  It operates unless Congress has expressly waived immunity to suit, see United States v. Mitchell, 463 U.S. 206, 212 (1983), and it "is jurisdictional in nature," Tri-State Hosp. Supply Corp. v. United States, 341 F.3d 571, 575 (D.C. Cir. 2003).  A waiver of immunity must be "unequivocally expressed in statutory text."  Lane v. Pena, 518 U.S. 187, 192 (1996).  And plaintiffs bear the burden "of proving that the government has unequivocally waived its immunity."  Tri-State Hosp. Supply Corp., 341 F.3d at 575.

In a Bivens lawsuit, federal-official "defendants . . . must be served as individuals." Simpkins v. District of Columbia, 108 F.3d 366, 369 (D.C. Cir. 1997).  "[T]he sovereign's immunity from damages is therefore not a defense."  Id.  Consequently, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).  Although Plaintiff describes his complaint as arising under Bivens, he also specifies that he is suing Defendants Holder, Lappin, Samuels, and Dodrill not as individuals, but in their official capacities.  See Compl. ¶¶ 3–6.  And he has alleged no facts that would support a claim that any of these Defendants were individually involved in the constitutional violations Plaintiff alleges.

Congress has not waived the United States's immunity from damages suits for constitutional torts.  Meyer, 510 U.S. at 477–78 (examining 28 U.S.C. § 1346(b)).  And the Supreme Court has explicitly declined to extend the reach of Bivens to suits "directly against an agency of the Federal Government."  Id. at 473.  Because Bivens suits may not be brought

5

against agencies, and because sovereign immunity has not been waived and is jurisdictional in nature, Plaintiff's <u>Bivens</u> claims against the BOP and against Defendants Holder, Lappin, Samuels, and Dodrill must be dismissed under Rule 12(b)(1) for lack of subject matter jurisdiction.

> B.      <u>Venue</u>

In <u>Cameron v. Thornburgh</u>, the D.C. Circuit instructed that "[c]ourts in this circuit must examine challenges to personal jurisdiction and venue carefully to guard against the danger that a plaintiff might manufacture venue in the District of Columbia . . . [b]y naming high government officials as defendants."  983 F.2d 253, 256 (D.C. Cir. 1993).  And 28 U.S.C. § 1406 provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought."  The Court therefore considers whether venue is proper in the District of Columbia.

Under the general venue provision governing "all civil actions brought in the district courts of the United States," 28 U.S.C. § 1391(a), Plaintiff's <u>Bivens</u> claim should be litigated in (1) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (2) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ."; or (3) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  <u>Id.</u> §1391(b).

Given that the events giving rise to Plaintiff's claims occurred in the Middle District of Pennsylvania, where USP Lewisburg and USP Allenwood are located, and the Western District of Louisiana, where USP Pollock is located, venue is proper in either of those districts.  And

venue is improper in the District of Columbia because not all of the Defendants reside here and because there are other districts where venue is proper.  Therefore, under § 1406, the Court may transfer the case to either the Middle District of Pennsylvania or the Western District of Louisiana, or it may dismiss the case.  Because Plaintiff is acting pro se, in the interest of justice, the Court will opt to transfer the case rather than dismiss it.  And because Plaintiff alleges that his "forced participation" in the SMU Program, which forms the basis for his constitutional claims, occurred during his incarceration in Pennsylvania, Compl. ¶ 24, the Court will transfer Plaintiff's remaining claims—those that it does not dismiss under Rule 12(b)(1), as discussed above—to the Middle District of Pennsylvania.

Accordingly, it is hereby

**ORDERED** that [11] Defendants' Motion to Dismiss is **GRANTED** as to Eric Holder, Harley Lappin, Charles Samuels, Scott Dodrill, and the Bureau of Prisons, and **DENIED** without prejudice in all other respects.  It is further

**ORDERED** that the case is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania, and that this action is closed.

**SO ORDERED**.


_____
CHRISTOPHER R. COOPER
United States District Judge

Date:    September 4, 2015